# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| In re: | Harvey, Claudia M | § § § § | Case No. 08 B 17620 |
|---|---|---|---|
| | Debtor | | |

# CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Marilyn O. Marshall, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 07/09/2008.

2) The plan was confirmed on 09/11/2008.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on (NA).

4) The trustee filed action to remedy default by the debtor in performance under the plan on (NA).

5) The case was converted on 09/28/2011.

6) Number of months from filing or conversion to last payment: 39.

7) Number of months case was pending: 39.

8) Total value of assets abandoned by court order: (NA).

9) Total value of assets exempted: $5,856.00.

10) Amount of unsecured claims discharged without full payment: $0.

11) All checks distributed by the trustee relating to this case have not cleared the bank.

UST Form 101-13-FR-S (09/01/2009)

**Receipts:**

| | |
|---|---|
| Total paid by or on behalf of the debtor | $5,965.32 |
| Less amount refunded to debtor | $565.32 |
| **NET RECEIPTS:** | $5,400.00 |

**Expenses of Administration:**

| | |
|---|---|
| Attorney's Fees Paid Through the Plan | $3,474.00 |
| Court Costs | $0 |
| Trustee Expenses & Compensation | $319.10 |
| Other | $0 |
| **TOTAL EXPENSES OF ADMINISTRATION:** | $3,793.10 |

Attorney fees paid and disclosed by debtor    $350.00

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| Illinois Dept of Revenue | Priority | $32.20 | $32.28 | $32.28 | $32.28 | $0 |
| AT&T | Unsecured | $128.44 | NA | NA | $0 | $0 |
| Bureau Of Collection Recovery | Unsecured | $1,846.40 | NA | NA | $0 | $0 |
| City Of Chicago Dept Of Revenue | Unsecured | $500.00 | $253.24 | $253.24 | $30.54 | $0 |
| Comcast | Unsecured | $384.35 | NA | NA | $0 | $0 |
| Computer Credit Service Corp | Unsecured | $100.00 | NA | NA | $0 | $0 |
| ECast Settlement Corp | Unsecured | $3,594.00 | $3,027.95 | $3,027.95 | $364.96 | $0 |
| ECast Settlement Corp | Unsecured | $1,638.00 | $1,638.09 | $1,638.09 | $197.45 | $0 |
| Illinois Dept of Revenue | Unsecured | NA | $30.00 | $30.00 | $3.62 | $0 |
| Pioneer Credit | Unsecured | $1,588.10 | NA | NA | $0 | $0 |
| Portfolio Recovery Associates | Unsecured | $10,286.00 | $6,173.49 | $6,173.49 | $744.11 | $0 |
| Portfolio Recovery Associates | Unsecured | $1,802.61 | $1,940.87 | $1,940.87 | $233.94 | $0 |
| Sears/Citibank SD | Unsecured | $1,807.73 | NA | NA | $0 | $0 |

| **Summary of Disbursements to Creditors:** | Claim Allowed | Principal Paid | Interest Paid |
|---|---:|---:|---:|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0 | $0 | $0 |
| Mortgage Arrearage | $0 | $0 | $0 |
| Debt Secured by Vehicle | $0 | $0 | $0 |
| All Other Secured | $0 | $0 | $0 |
| **TOTAL SECURED:** | $0 | $0 | $0 |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0 | $0 | $0 |
| Domestic Support Ongoing | $0 | $0 | $0 |
| All Other Priority | $32.28 | $32.28 | $0 |
| **TOTAL PRIORITY:** | $32.28 | $32.28 | $0 |
| **GENERAL UNSECURED PAYMENTS:** | $13,063.64 | $1,574.62 | $0 |

**Disbursements:**

| | |
|---|---:|
| Expenses of Administration | $3,793.10 |
| Disbursements to Creditors | $1,606.90 |
| **TOTAL DISBURSEMENTS:** | $5,400.00 |

UST Form 101-13-FR-S (09/01/2009)

12) The trustee certifies that the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Date: October 31, 2011        By: /s/ MARILYN O. MARSHALL
                                            Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.